# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* https://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** 25-3493

**Case Name** State of California et al. v. Donald Trump et al.

**Counsel submitting this form** Julie Veroff

**Represented party/parties** State of California, Governor Gavin Newsom

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiffs filed suit in the U.S. District Court for the Northern District of California to challenge a series of executive orders issued by President Trump that impose tariffs and claim authorization to do so by the International Economic Emergency Powers Act. Plaintiffs allege that the Act does not authorize the President to impose tariffs and that the orders are ultra vires and violate the separation of powers.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 7**                                                                                               *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

Defendants moved to transfer the case to the Court of International Trade pursuant to 28 U.S.C. 1631, arguing that court has exclusive jurisdiction over the action under 28 U.S.C. 1581(1).  The district court agreed that the Court of International Trade has exclusive jurisdiction over plaintiffs' action, but, at plaintiffs' request, denied the motion to transfer and dismissed the case without prejudice for lack of subject-matter jurisdiction to permit plaintiffs to take an appeal on the jurisdictional question.  The question on appeal is whether this action "arises out of any law of the United States providing for . . . tariffs . . . for reasons other than the raising of revenue," 28 U.S.C. 1581(1)(i)(B), such that it belongs in the Court of International Trade.  Plaintiffs contend that the action arises out of the International Economic Emergency Powers Act, and that the Act does not provide for tariffs, such that jurisdiction is properly had in the federal district courts.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

There are several related proceedings in other tribunals.  See Emily Ley Paper, Inc. v. Trump, No. 3:25-cv-465 (N.D. Fla.) (transferred to Ct. Intl Trade), transferred to No. 1:25-cv-96 (Ct. Intl Trade) (stayed); Webber v. U.S. Dept of Homeland Sec., No. 4:25-cv-26 (D. Mont.), appeal docketed, No. 25-2717 (9th Cir. Apr. 28, 2025) (plaintiffs′ motion to expedite pending); Learning Res., Inc. v. Trump, No. 25-1248 (RC) (D.D.C.), appeal docketed, No. 25-5202 (D.C. Cir. May 30, 2025); Barnes v. United States, No. 25-0043 (Ct. Intl Trade) (dismissed for lack of standing); V.O.S. Selections, Inc. v. Trump, No. 25-00066 (Ct. Intl Trade), appeal docketed, No. 25-1812 (Fed. Cir. May 28, 2025); Oregon v. Trump, No. 25-00077 (Ct. Intl Trade), appeal docketed, No. 25-1813 (Fed. Cir. May 28, 2025); Princess Awesome, LLC v. U.S. Customs & Border Prot., No. 25-00078 (Ct. Intl Trade) (defendants′ motion to stay pending).

**Signature** s/Julie Veroff        **Date** 06/04/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                 *Rev. 09/01/22*

2