No. 25-3493

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————————————

STATE OF CALIFORNIA AND GAVIN NEWSOM,
*Plaintiffs-Appellants*,

v.

DONALD J. TRUMP, *et al.*,
*Defendants-Appellees*.

———————————————

### On Appeal from the United States District Court
### for the Northern District of California
No. 3:25-cv-03372-JSC

———————————————

### PLAINTIFFS-APPELLANTS' MOTION TO EXPEDITE APPEAL

———————————————

ROB BONTA
  *Attorney General of California*
MICHAEL J. MONGAN
  *Solicitor General*
THOMAS S. PATTERSON
  *Senior Assistant Attorney General*

JULIE VEROFF
  *Deputy Solicitor General*
LARA HADDAD
  *Supervising Deputy Attorney General*
SHIWON CHOE
ZELDA VASSAR
CAROLYN F. DOWNS
  *Deputy Attorneys General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3776
Julie.Veroff@doj.ca.gov
  *Attorneys for Plaintiffs-Appellants*

June 4, 2025

Pursuant to 28 U.S.C. § 1657(a), Federal Rules of Appellate Procedure 27 and 31(a)(2), and Circuit Rule 27-12, plaintiffs-appellants the State of California and Gavin Newsom, in his official capacity as Governor of California (collectively, California) respectfully move for expedited briefing and argument of this appeal. California appeals the district court's order dismissing the case without prejudice for lack of subject-matter jurisdiction —an order that effectively denied California's pending motion for a preliminary injunction.  Accordingly, this appeal should be expedited in line with the schedule this Court ordinarily applies for appeals from the denial of a preliminary injunction under Circuit Rule 3-3.

This case concerns a pressing issue of national significance, the timely resolution of which is necessary to avoid further irreparable harm to California: whether the International Emergency Economic Powers Act (IEEPA) authorizes the President to impose tariffs.  If the answer is no, as California argues, then President Trump's executive orders relying on IEEPA to impose unprecedented tariffs on nearly every trading partner of the United States are *ultra vires*— unauthorized by statute and in conflict with the separation of powers.  The specific question now on appeal is which court has jurisdiction to hear a challenge to those executive orders—the federal district court or the Court of International Trade. That jurisdictional question has already divided the lower courts; the District Court for the District of Columbia recently concluded that the district courts, not the

1

Court of International Trade, have jurisdiction over challenges to the President's tariffs imposed under IEEPA. Resolution of that jurisdictional question is a necessary predicate to—and, in California's view, deeply intertwined with—the important and pressing merits question of whether IEEPA provides for tariffs in the first place.

In response to defendants' motion to transfer the case to the Court of International Trade, the district court held on June 2, 2025, that the Court of International Trade has exclusive jurisdiction over this action. Rather than transfer the case, however, the district court granted California's request to dismiss the case to allow California to pursue a prompt appeal of the jurisdictional question in this Court. That dismissal effectively denied California's motion for preliminary injunction that was pending in the district court, yet the challenged tariffs are continuing to cause substantial and irreparable harm to California. Until this appeal is resolved, California cannot pursue its request for injunctive relief in any trial court.

Because good cause exists, California respectfully asks this Court to enter a schedule to allow prompt consideration of California's appeal of the dismissal judgment entered by the district court. The reasons supporting expedition are set forth below, along with a proposed schedule for briefing and argument. Specifically, California requests that, because the district court's dismissal

2

effectively denied California's pending motion for preliminary injunction, the Court treat this appeal in a manner equivalent to how it treats appeals from the denial of a preliminary injunction under Circuit Rule 3-3. Accordingly, California's opening brief would be due on June 30, 2025; defendants' answering brief would be due on July 28, 2025; California's reply brief would be due on August 18, 2025; and the case would be set for oral argument soon thereafter as with a typical preliminary injunction appeal.

Pursuant to this Court's Rule 27-12, a transcript of the district court hearing has been fully prepared. Counsel for defendants-appellees have been notified of California's intent to file this motion. They oppose the motion and will file a response.

1. This case concerns California's challenge to a series of executive orders issued by President Trump that invoke IEEPA to impose sweeping tariffs on imports from virtually every trading partner of the United States. California filed its complaint in the U.S. District Court for the Northern District of California on April 16, 2025, alleging that the tariff orders are in excess of statutory authority and violate the separation of powers because the Constitution vests the power to impose tariffs in Congress and IEEPA does not authorize the President to impose tariffs. D. Ct. Dkt. 1. California alleged that the district court had subject-matter jurisdiction under 28 U.S.C. § 1331. D. Ct. Dkt. 1 ¶ 13.

3

The next day, defendants moved to transfer the case to the Court of International Trade pursuant to 28 U.S.C. § 1631, arguing that the Court of International Trade has exclusive jurisdiction over California's action under 28 U.S.C. § 1581(i)(1). D. Ct. Dkt. 9. That provision states that the Court of International Trade has exclusive jurisdiction over any civil action "that arises out of any law of the United States providing for . . . tariffs" or "that arises out of any law of the United States providing for . . . administration and enforcement with respect to [tariffs]." 28 U.S.C. § 1581(i)(1)(B), (D). California opposed the motion, arguing that this suit arises out of IEEPA, and IEEPA does not provide for tariffs. D. Ct. Dkt. 12. The district court heard argument on the transfer motion on May 27. D. Ct. Dkt. 54.

While the transfer motion was pending, California filed a motion for preliminary injunction, asking the district court to enjoin defendants from taking any action to implement or enforce any executive order or other executive action purporting to impose tariffs pursuant to IEEPA. D. Ct. Dkt. 15-1 at 2. Defendants filed their opposition on May 27, the same day as the hearing on the transfer motion, and California's reply was set to be filed on June 3. D. Ct. Dkt. 15, 55.

On June 2, the district court issued an order denying defendants' motion to transfer the case and dismissing the case without prejudice. D. Ct. Dkt. 62. The district court concluded that California's action falls within the exclusive

4

jurisdiction of the Court of International Trade.  D. Ct. Dkt. 62 at 6-10.  It reasoned that "the executive orders imposing tariffs are laws of the United States," as they modify the Harmonized Tariff Schedule, 19 U.S.C. § 3004(c).  D. Ct. Dkt. 62 at 7-8.  At California's request, however, the district court held that transfer to the Court of International Trade was not "in the interest of justice" under 28 U.S.C. § 1631 and instead dismissed the case to "ensure the correct forum rules on California's claims" and "allow[] the Ninth Circuit to decide whether [the district court] has jurisdiction over a lawsuit challenging the President's imposition of tariffs and/or to what extent district courts should consider the merits of a case in deciding if a matter falls within the [Court of International Trade's] exclusive jurisdiction."  D. Ct. Dkt. at 12; *see also* D. Ct. Dkt 63 (judgment).  By dismissing the case for lack of subject-matter jurisdiction, the district court effectively denied California's pending request for preliminary injunctive relief.

California filed a notice of appeal from the district court's dismissal judgment the same day, on June 2, 2025.

2.  Good cause exists to expedite this appeal.  *See* Cir. R. 27-12.  First, the challenged tariff orders are causing California significant and irreparable injury, but the dismissal order effectively denied California's motion for preliminary injunction.  *See id.* ("'Good cause' includes . . . situations in which . . . in the absence of expedited treatment, irreparable harm may occur."); *cf. Am. Biosci., Inc.*

5

*v. Thompson*, 269 F.3d 1077, 1084 n.8 (D.C. Cir. 2001) ("[U]nder 28 U.S.C.

§ 1657(a) the granting or denying of a preliminary injunction is the basis for an

expedited appeal.").  As California explained in its motion for preliminary

injunction, the tariff orders for which President Trump has invoked IEEPA impose

tariffs on imports from nearly every U.S. trading partner, including a 10%

universal tariff that is scheduled to increase to as high as 50% on more than 50

specific trading partners on July 9.  D. Ct. Dkt. at 2-3.  California is the fourth

largest economy in the world, a leader in global trade, and a major and direct

procurer of billions of dollars' worth of goods.  D. Ct. Dkt. at 1.  The challenged

tariff orders are forcing California to revisit its vendor contracts and either accept

price increases or forgo essential purchases; to devote considerable resources to

addressing the anticipated unavailability of goods; and to significantly downgrade

its revenue forecasts in light of billions of dollars in potential tax revenue loss.

D. Ct. Dkt. at 1-6, 20-25.  California cannot renew its request for injunctive relief

in the district court—the only forum it believes to have jurisdiction over this

matter—until this Court resolves this appeal.  Given California's position that the

Court of International Trade lacks jurisdiction over this action and cannot grant

California its desired relief, and its view that a higher court may accept that

position, accepting transfer to the Court of International Trade and proceeding a

motion for relief there is inconsistent with California's interest in obtaining enduring relief as soon as possible.

Second, this appeal involves a time-sensitive issue of nationwide significance. *See Hamamoto v. Ige*, 881 F.3d 719, 723 (9th Cir. 2018). The challenged tariff orders are unprecedented: since IEEPA's enactment in 1977, no other president has ever invoked the statute to impose tariffs. Whether IEEPA actually authorizes the president to impose tariffs is thus a novel issue, and this appeal presents the crucial, threshold issue of where jurisdiction lies to press that statutory interpretation and separation-of-powers question.

In light of the significant practical import of President Trump's tariff orders, and the serious legal questions presented by them, several cases have been filed to challenge them.[1] Already, a split in authority has emerged on how to approach and resolve the jurisdictional question at issue in this appeal. *Compare Learning Res.,*

---

[1] *See Emily Ley Paper, Inc. v. Trump*, No. 3:25-cv-465 (N.D. Fla.) (transferred to Ct. Int'l Trade), *transferred to* No. 1:25-cv-96 (Ct. Int'l Trade) (defendants' motion to stay pending); *Webber v. U.S. Dep't of Homeland Sec.*, No. 4:25-cv-26 (D. Mont.), *appeal docketed*, No. 25-2717 (9th Cir. Apr. 28, 2025) (plaintiffs' motion to expedite pending); *Learning Res., Inc. v. Trump*, No. 25-1248 (RC) (D.D.C.), *appeal docketed*, No. 25-5202 (D.C. Cir. May 30, 2025); *Barnes v. United States*, No. 25-0043 (Ct. Int'l Trade) (dismissed for lack of standing); *V.O.S. Selections, Inc. v. Trump*, No. 25-00066 (Ct. Int'l Trade), *appeal docketed*, No. 25-1812 (Fed. Cir. May 28, 2025); *Oregon v. Trump*, No. 25-00077 (Ct. Int'l Trade), *appeal docketed*, No. 25-1813 (Fed. Cir. May 28, 2025); *Princess Awesome, LLC v. U.S. Customs & Border Prot.*, No. 25-00078 (Ct. Int'l Trade) (defendants' motion to stay pending).

7

*Inc. v. Trump*, __ F. Supp. 3d __, No. 25-1248 (RC), 2025 WL 1525376, at *13 (D.D.C. May 29, 2025) (holding that the district court has jurisdiction, not the Court of International Trade, because the action arises out of IEEPA and "IEEPA is not a 'law . . . providing for tariffs'"), *stayed pending appeal*, No. 25-5202 (D.C. Cir.), *with Emily Ley Paper Inc. v. Trump*, No. 3:25CV464-TKW-ZCB, 2025 WL 1482771, at *6-8 (N.D. Fla. May 20, 2025) (holding that the Court of International Trade has jurisdiction because "IEEPA authorizes the imposition of tariffs"), *and V.O.S. Selections, Inc. v. United States*, No. 1:25-cv-00066-GSK-TMR-JAR, D. Ct. Dkt. 63 (Order) at 3 & n.2 (Ct. Int'l Trade June 3, 2025) (holding that the Court of International Trade has jurisdiction regardless of "whether IEEPA authorizes tariffs as a categorical matter"); *V.O.S. Selections, Inc. v. United States*, __ F. Supp. 3d __, No. 1:25-cv-00066-GSK-TMR-JAR, 2025 WL 1514124, at *7 (Ct. Int'l Trade May 28, 2025), *inj. temporarily stayed*, No. 2025-1812, 2025 WL 1527040 (Fed. Cir. May 29, 2025) (same); *Webber v. U.S. Dep't of Homeland Sec.*, No. CV 25-26-GF-DLC, 2025 WL 1207587, at *5 (D. Mont. Apr. 25, 2025) (similar).

Recognizing the importance and immediacy of these issues, other trial and appellate courts have set expedited briefing schedules to ensure prompt resolution of the disputed questions. *See, e.g.*, *V.O.S. Selections, Inc. v. Trump*, No. 25-00066, Dkt. 13 (Ct. Int'l Trade) (ordering that briefing on plaintiffs' motion for

8

preliminary injunction and/or summary judgment be completed in less than three weeks), *appeal docketed*, No. 25-1812 (Fed. Cir. May 28, 2025) (ordering that briefing on defendants' stay application be completed in less than two weeks); *Learning Res., Inc. v. Trump*, No. 1:25-cv-01248-RC, D. Ct. Dkt. 9 (D.D.C.) (ordering that briefing on plaintiffs' motion for preliminary injunction be completed in less than three weeks), *appeal docketed*, No. 25-5202 (D.C. Cir. May 29, 2025) (ordering that briefing on defendants' stay motion be completed within four days). For the reasons set forth above, expedition is likewise warranted here.

3. Additionally, a motion to expedite the appeal in *Webber v. U.S. Department of Homeland Security*, No. 25-2717, is currently pending before the Court. That case challenges a number of tariff orders issued by President Trump, including but not limited to those at issue in California's case, and does so based on a variety of legal theories, including many that California is not advancing. The appeal in *Webber* arises from a district court order granting the federal government's motion to transfer the case to the Court of International Trade, and in part concerns the meaning of 28 U.S.C. § 1581(i)(1)(B), the same jurisdictional provision at issue in California's appeal. Good cause exists to expedite California's appeal regardless of how the Court disposes of the motion to expedite in *Webber*. But especially if the Court agrees to expedite briefing and argument in *Webber*, it should do so here too, so that the Court has the benefit of robust

9

briefing on the meaning of 28 U.S.C. § 1581(i)(1)(B) and its application to the jurisdictional question at issue in this appeal.

4. Because the district court's order dismissing California's case for lack of subject-matter jurisdiction effectively denied California's pending motion for preliminary injunction, California proposes that the Court treat this appeal in a manner equivalent to how it treats appeals from the denial of a preliminary injunction under Circuit Rule 3-3. Consistent with that Rule, California proposes the following deadlines, as to which no party should be permitted to file a streamlined request for extension of time:

- **June 30, 2025** (*i.e.*, 28 days after the docketing of the notice of appeal): California's opening brief and excerpts of record due

- **July 28, 2025** (*i.e.*, 28 days after California's opening brief): defendants' answering brief and any supplemental excerpts of record due

- **August 18, 2025** (*i.e.*, 21 days after defendants' answering brief): California's reply brief due

California also asks that the due date for any amicus briefs be seven days after the parties' principal briefs are due, *i.e.*, July 7, 2025 for amicus briefs in support of California, and August 4, 2025 for amicus briefs in support of defendants. California further requests that the appeal be set for argument during the September 2025 court session.

10

5. Counsel for California contacted defendants' counsel on June 4, 2025. Counsel for defendants indicated that they oppose the motion and will file a response.

## CONCLUSION

For the foregoing reasons, this Court should issue an expedited schedule for briefing and argument of the appeal.

Dated:  June 4, 2025                    Respectfully submitted,


   *s/ Julie Veroff*
_____


Rob Bonta
  *Attorney General of California*
Thomas S. Patterson
  *Senior Assistant Attorney General*
Lara Haddad
  *Supervising Deputy Attorney General*
JULIE VEROFF
  *Deputy Solicitor General*
SHIWON CHOE
ZELDA VASSAR
CAROLYN F. DOWNS
  *Deputy Attorneys General*

  *Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to FRAP 32(g)(1), I hereby certify that the foregoing motion complies with the type-volume limitation in FRAP 27(d)(2)(A) and Circuit Rule 27-1(1)(d), and the type size and type face requirements of FRAP 27(d)(E), 32(a)(5) and (6). According to Microsoft Word, the motion contains 2,484 words and has been prepared in a proportionally spaced typeface using Times New Roman in 14 point size.

*/s/ Julie Veroff*

Julie Veroff

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2025, I electronically filed the foregoing motion for expedited appeal by using the appellate ACMS system.

I certify that the participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

*/s/ Julie Veroff*

Julie Veroff