IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

STATE OF CALIFORNIA, et al.,

    Plaintiffs-Appellants,

v.

DONALD J. TRUMP, et al.

    Defendants-Appellees.

No. 25-3493

**APPELLEES' OPPOSITION TO MOTION FOR EXPEDITION**

The government respectfully submits this response to plaintiffs' motion to expedite this appeal. The motion should be denied.

1. Plaintiffs brought this suit seeking to challenge tariffs imposed by the President under the International Emergency Economic Powers Act (IEEPA) in response to three declared emergencies. Plaintiffs sought a preliminary injunction. The government moved to transfer this suit under 28 U.S.C. § 1631 to the Court of International Trade (CIT), which has exclusive jurisdiction over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States provid-

ing for … tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue" or "administration and enforcement" of such tariffs. 28 U.S.C. § 1581(i)(1)(B), (D).

2. The district court held that § 1581(i) vested the CIT with exclusive jurisdiction over plaintiffs' suit, noting, among other things, that the CIT has held that materially identical challenges are within its exclusive jurisdiction. Dkt. No. 62 at 6-10; *see V.O.S. Selections, Inc. v. United States*, __ F. Supp. 3d __, 2025 WL 1514124, at *7-8 (C.I.T. May 28, 2025). But it declined to transfer the case to the CIT, instead honoring plaintiffs' request "to dismiss rather than transfer the action." *Id.* at 11. The court thus dismissed the action without prejudice and without passing on plaintiffs' motion for a preliminary injunction. *Id.* at 14; *see* Dkt. No. 63 (judgment). Plaintiffs appealed and have now sought expedition.

3. Plaintiffs' motion for expedition should be denied. Plaintiffs made a deliberate choice to request dismissal of their claims instead of accepting the transfer of those claims to the CIT, which (as both that court and the district court here have agreed) has exclusive jurisdiction over challenges to the tariffs in question. Plaintiffs now assert expedition is warranted be-

cause they face "significant and irreparable injury" from delay and the district court's order "effectively denied California's motion for preliminary injunction" (Mot. 5), but such assertions of harm cannot be squared with plaintiffs' deliberate choice to forgo transfer to the CIT, which would have been empowered to rule on plaintiffs' preliminary injunction motion after transfer. Indeed, because the district court dismissed plaintiffs' suit without prejudice, plaintiffs could dismiss this appeal and file a new action in the CIT. Given the CIT's express holding that it has exclusive jurisdiction, and the fact that no party to the CIT proceedings (now before the Federal Circuit on appeal) questions the existence of statutory jurisdiction, it is difficult to understand California's view (Mot. 6-7) that "accepting transfer to the Court of International Trade and proceeding [with] a motion for relief there" would have been "inconsistent with California's interest in obtaining enduring relief as soon as possible" should it prevail on the merits. Any harms from plaintiffs' choice to litigate jurisdiction on appeal instead of proceeding to the merits in the CIT are entirely self-inflicted and do not warrant expedition.

  4. In the event that the Court grants expedition, the government respectfully requests that its response brief be due on August 8, rather than

July 28 as California has proposed. This modest extension is necessary for several reasons. Counsel are engaged with numerous other pressing matters, including in other pending challenges to these tariffs. In the Federal Circuit, the government's opening brief in two consolidated appeals from the CIT's rulings is currently due on July 28, the same deadline California has proposed here. *V.O.S. Selections, Inc. v. Trump*, No. 25-1812; *Oregon v. Trump*, No. 25-1813. In the D.C. Circuit, the parties have negotiated an expedited schedule under which the response brief will be due July 23 and the government's reply brief will be due August 8—a period spanning California's proposed date. *Learning Resources, Inc. v. Trump*, No. 25-5202. And in this Court, there is a pending motion to expedite another challenge to these tariffs. *Webber v. DHS*, No. 25-2717. The government is contemporaneously filing an opposition to that motion urging that, to the extent this Court alters the briefing schedule that would ordinarily apply, the briefing schedule for *Webber* should be aligned with the schedule for this appeal.

California's proposed July 28 deadline also would be impracticable for the government given counsel's schedules during the preceding week. Two of the undersigned counsel are on leave during that week, and a third will be attending a conference.

Finally, an August 8 deadline for the government's brief should not compromise the Court's ability to hear oral argument in the September sitting, as California has proposed, if the Court elects to do so. There are six weeks between August 8 and the end of the Court's September calendars.

## CONCLUSION

For these reasons, plaintiffs' motion to expedite should be denied.

Respectfully submitted,

MICHAEL S. RAAB
BRAD HINSHELWOOD

*/s/ Daniel Winik*
DANIEL WINIK
SOPHIA SHAMS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7245*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  (202) 305-8849

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this response complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 789 words, according to Microsoft Word.

*/s/ Daniel Winik*
Daniel Winik